# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# NORTHERN DIVISION

NO. 2:07-CR-00010-FL-1
NO. 2:12-CV-00050-FL

| | |
|---|---|
| TRENSTON DARNELL GATLING, | ) |
| Petitioner, | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

This cause comes before the Court upon the government's notice of withdrawal (DE-51) of its motion to dismiss (DE-42) petitioner Trenston Darnell Gatling's pending motion to vacate, set aside, or correct his conviction and sentence (DE-36, DE-50) pursuant to 28 U.S.C. § 2255. In accordance with 28 U.S.C. 636(b)(1), this matter is before the undersigned for the entry of a memorandum and recommendation. For the following reasons, it is hereby RECOMMENDED that Gatling's § 2255 motion (DE-36, DE-50) be GRANTED.

## I. BACKGROUND

On October 17, 2007, Gatling pled guilty pursuant to plea agreement to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (DE-26, DE-28). Under the then-existing precedent[1], at least three of Gatling's prior state court convictions qualified as felony offenses for federal purposes. As such, Gatling was subject to sentence enhancement under the Armed Career Criminal Act ("ACCA"). At sentencing on May 8, 2008, the district court imposed

---

1 United States v. Harp, 406 F.3d 242 (4th Cir.), *cert. denied*, 546 U.S. 919 (2005).

1

a judgment of 211 months' imprisonment and five years of supervised release based on Gatling's armed career criminal status. (DE-26, DE-30). Gatling did not appeal the judgment.

On January 20, 2012, Gatling filed a motion objecting to the ACCA sentence enhancement and requesting that his sentence be corrected. (DE-36). The Court subsequently recharacterized Gatling's January 20, 2012 filing as a motion pursuant to § 2255 and directed the clerk of court to refile the motion lodged at docket entry no. 36. (DE-49). Gatling's sole contention is that his sentence enhancement was erroneous in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). Although the government initially sought to dismiss Gatling's motion to vacate (DE-42), it has now withdrawn the motion to dismiss and agrees that Gatling should be resentenced without ACCA enhancement. (DE-51).

## II. LEGAL STANDARDS

The Fourth Circuit in *Simmons* held that individuals sentenced pursuant to North Carolina's Structured Sentencing Act could not be classified as "felons" for federal purposes unless the individual defendant had been exposed to a sentence of imprisonment in excess of one year. 649 F.3d at 249. To qualify for sentence enhancement under the ACCA, a defendant must have three prior convictions for violent felonies or serious drug offenses. 18 § U.S.C 924(e)(1). Under section 2255, Title 28 of the United States Code, a petitioner may obtain relief from his sentence if he can show that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a).

## III. ANALYSIS

Gatling argues that under *Simmons*, he does not have three prior convictions that qualify as predicate felonies for purposes of sentence enhancement under the ACCA. This is because only

2

two of his prior state court convictions were punishable by more than one year of imprisonment. Further, Gatling has no prior convictions for serious drug offenses, as that term is defined under the ACCA. As such, Gatling contends his current sentence exceeds "the maximum authorized by law." 28 U.S.C. § 2255(a). The government agrees that Gatling should be resentenced and states that it deliberately waives its statute of limitations defense.

Reviewing Gatling's prior criminal record in light of *Simmons*, together with the government's withdrawal of its motion to dismiss, the undersigned agrees that Gatling is entitled to relief pursuant to § 2255. Because he did not have three prior convictions for violent felonies at the time of the alleged offense under North Carolina law, as properly construed, he was not subject to sentence enhancement under the ACCA. Accordingly, the undersigned recommends that Gatling's sentence be vacated and that he be resentenced.

## IV. CONCLUSION

For the foregoing reasons, it is hereby RECOMMENDED that Gatling's motion to vacate (DE-36, DE-50) be GRANTED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Friday, August 17, 2012.

WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE